RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARAINE WOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JCJB MARKETING INC. d/b/a AUTOMOTIVE SERVICES DEPARTMENT<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Laraine Wood ("Plaintiff") by her undersigned counsel, for this class action complaint against JCJB Marketing Inc. d/b/a Automotive Services Department and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("JCJB Marketing" or "Defendant"), allege as follows:

COMPLAINT - 1

# I. INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against JCJB Marketing for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). JCJB Marketing made multiple calls to individuals who had previously indicated their desire to not receive solicitation calls by listing their number on the National Do Not Call Registry, as Plaintiff did.

2. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

# II. PARTIES

3. Plaintiff Laraine Wood is an individual.

4. Defendant JCJB Marketing Inc. d/b/a Automotive Services Department is a California corporation.

# III. JURISDICTION AND VENUE

5. <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

6. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over JCJB Marketing because a substantial part of the wrongful acts alleged in this Complaint were committed from California. Furthermore, JCJB Marketing is a resident of this District.

7. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims occurred from this District and the Defendant resides here.

IV. **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V. FACTUAL ALLEGATIONS

13. JCJB Marketing offers warranty services.

14. One of JCJB Marketing's strategies for marketing its services and generating new customers is telemarketing.

15. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

16. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Calls to Plaintiff**

17. Plaintiff's telephone number, (480)-881-XXXX, is a residential line.

18. It is not associated with a business and is used by Ms. Wood only.

19. The telephone number had been on the National Do Not Call Registry for more than 31 days prior to the calls at issue.

20. The Plaintiff received calls from JCJB on September 8, 17, 27 and October 6, 2021.

21. The calls came from Caller ID number 623-887-5556.

22. Other individuals have complained about receiving calls from that same number in September 30, 2021. *See* https://800notes.com/Phone.aspx/1-623-887-5556 (Last Visited November 23, 2021).

23. The calls were scripted telemarketing pitches.

24. The telemarketing pitches were designed to sell the warranty services offered by JCJB.

25. Indeed, scripted telemarketing calls to numbers on the National Do Not Call Registry are typical for JCJB.

26. JCJB has previously been sued for alleged violations of the TCPA. *See Baltimore v. JCJB Marketing Inc.,* Civil Action No. 1:21-cv-10045 (D. Mass.).

27. Plaintiff and all members of the Class, defined below, have been harmed by the acts of JCJB Marketing because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their telephone lines, rendering them unavailable for legitimate communication.

# VI. CLASS ACTION ALLEGATIONS

28. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Class (the "Class") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint through the date of trial.

29. <u>Numerosity</u>. The Class are so numerous that joinder of all its members is impracticable. On the basis of JCJB Marketing' *en masse* calling practices, the Class has at least hundreds of members.

30. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether multiple telemarketing telephone calls were made promoting the goods or services to members of the National Do Not Call Registry Class;

    b. Whether JCJB Marketing purchased batches of leads of prospects who had not consented to be called by it;

   c. Whether JCJB Marketing and/or its affiliates or agents, and/or other persons or entities acting on JCJB Marketing' behalf, knowingly and/or willfully violated the TCPA;

   d. Whether JCJB Marketing and/or its affiliates, agents, and/or other persons or entities acting on JCJB Marketing's behalf should be enjoined from telemarketing in the future.

  31. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims and those of the Class arise out of the same course of conduct by JCJB Marketing and are based on the same legal and remedial theories.

  32. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable counsel with experience in TCPA and consumer class action litigation.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor her counsel has interests contrary to or conflicting with those of the proposed Class.

  33. <u>Predominance</u>. JCJB Marketing has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  For example, the TCPA's statutory damages obviate the

need for mini-trials on actual damages. Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

34.   <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel JCJB Marketing to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against JCJB Marketing is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages.

35.   <u>Injunctive and Declaratory Relief is Appropriate</u>. JCJB Marketing has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

**VII. CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. § 64.1200(c))**
**on behalf of the National Do Not Call Registry Class**

36.   Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. Defendant violated the TCPA and the Regulations by making, or having their agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

38. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

39. Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

40. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all members of the Class, prays for judgment against JCJB Marketing as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that actions complained of herein by JCJB Marketing and/or its affiliates, agents, or related entities violate the TCPA;

E. An order enjoining JCJB Marketing and its affiliates, agents and related entities from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

F. Leave to amend this Complaint to conform to the evidence presented at trial; and

G. Orders granting such other and further relief as the Court deems necessary, just and proper.

## VIII. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 9th day of December, 2021.

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff Wood and the Proposed Class*